UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
Scott L. Tompkins § Case No. 12-20714
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]           $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

      5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

      6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $____, and now requests reimbursement for expenses of $____, for total expenses of $_____ [2].

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/STEVEN R. RADTKE_____
                                       Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-20714 | JBS | Judge: | Jack B. Schmetterer | Trustee Name: | STEVEN R. RADTKE |
|---|---|---|---|---|---|---|
| Case Name: | Scott L. Tompkins | | | | Date Filed (f) or Converted (c): | 05/21/2012 (f) |
| | | | | | 341(a) Meeting Date: | 07/23/2012 |
| For Period Ending: | 07/24/2013 | | | | Claims Bar Date: | 05/31/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single Family Dwelling 5327 W. Warner Ave Chicago, Il 60641 | 145,875.00 | 0.00 | OA | 0.00 | FA |
| 2. Harris Bank Checking Account | 31.00 | 0.00 | OA | 0.00 | FA |
| 3. Household Goods And Furnishings | 1,950.00 | 0.00 | OA | 0.00 | FA |
| 4. Wearing Apparel | 200.00 | 0.00 | OA | 0.00 | FA |
| 5. Axa Equitable $120,000.00 Face Value Whole Life Insurance | 834.87 | 0.00 | OA | 0.00 | FA |
| 6. City Of Chicago Nationwide Retirement Solutions 457(B) Plan | 38,995.00 | 0.00 | OA | 0.00 | FA |
| 7. Municipal Employees Retirement Fund | 56,915.00 | 0.00 | OA | 0.00 | FA |
| 8. 2012 Jeep Compass | 20,000.00 | 20,000.00 | OA | 0.00 | FA |
| 9. 2000 Jeep Grand Cherokee | 2,000.00 | 0.00 | OA | 0.00 | FA |
| 10. 2002 Ford Taurus | 3,000.00 | 600.00 | OA | 0.00 | FA |
| 11. Steve B. Myers Commercial Real Estate, Earnest Money Holder | 25,000.00 | 25,000.00 | | 12,500.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $294,800.87 | $45,600.00 | | $12,500.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Pursuant to order of court dated February 5, 2013 the trustee settled debtor's claim for turnover of unclaimed escrow deposit from a failed real estate transaction for $12,500.00. The Trustee has collected the funds and is working on Final Report.

Initial Projected Date of Final Report (TFR): 12/31/2014     Current Projected Date of Final Report (TFR): 12/31/2014

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 12-20714 | Trustee Name: STEVEN R. RADTKE |
| Case Name: Scott L. Tompkins | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX0260 |
| | Checking |
| Taxpayer ID No: XX-XXX9407 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 07/24/2013 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/27/13 | 11 | Treasurer of State of Illinois 325 West Adams Street Sprinfield, IL 62704 | Escrow Earnest Money Fifty percent of earnest money for real estate sale that did not close which sum was deposited with Illinois State Treasurer as abandoned property. Other fifty percent went to Wenzak Land Management, Inc. per order of court | 1290-000 | $12,500.00 | | $12,500.00 |
| 04/05/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $18.58 | $12,481.42 |
| 05/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $17.96 | $12,463.46 |
| 06/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $18.53 | $12,444.93 |

| | | |
|---|---|---|
| COLUMN TOTALS | $12,500.00 | $55.07 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $12,500.00 | $55.07 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $12,500.00 | $55.07 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 4)*      Page Subtotals:      $12,500.00      $55.07

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0260 - Checking | $12,500.00 | $55.07 | $12,444.93 |
|  | $12,500.00 | $55.07 | $12,444.93 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $12,500.00 |
| Total Gross Receipts: | $12,500.00 |

Case 12-20714  Doc 24  Filed 08/21/13  Entered 08/21/13 10:54:57  Desc Main
Document      Page 6 of 10

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-20714  
Debtor Name: Scott L. Tompkins  
Claims Bar Date: 5/31/2013

Date: July 24, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $2,000.00 | $2,000.00 |
| 100 2200 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $3.24 | $3.24 |
| 100 3110 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $2,100.00 | $2,100.00 |
| 100 3220 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $16.96 | $16.96 |
| 1 300 7100 | Pyod, Llc Its Successors And Assigns As Assignee<br>Of Citibank, N.A.<br>Resurgent Capital Services<br>Po Box 19008<br>Greenville, Sc 29602 | Unsecured | | $0.00 | $544.26 | $544.26 |
| 2 300 7100 | N. A. Fia Card Services<br>Fia Card Services, N.A.<br>4161 Piedmont Parkway<br>Nc4 105 03 14<br>Greensboro, Nc 27410 | Unsecured | | $0.00 | $7,173.06 | $7,173.06 |
| 3 300 7100 | Wheeler Construction Company<br>13407 Boy Scout Trail<br>Petersburg, Il 62675 | Unsecured | | $0.00 | $1,518.80 | $1,518.80 |
| 4 300 7100 | Pnc Bank<br>Po Box 94982<br>Cleveland, Oh 44101 | Unsecured | | $0.00 | $12,413.35 | $12,413.35 |
| | Case Totals | | | $0.00 | $25,769.67 | $25,769.67 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1                                    Printed: July 24, 2013

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-20714 Date: July 24, 2013
Debtor Name: Scott L. Tompkins
Claims Bar Date: 5/31/2013

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-20714
Case Name: Scott L. Tompkins
Trustee Name: STEVEN R. RADTKE

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Trustee Expenses: STEVEN R. RADTKE | $ | $ | $ |
| Attorney for Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Attorney for Trustee Expenses: STEVEN R. RADTKE | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Pyod, Llc Its Successors And Assigns As Assignee | $ | $ | $ |
| 2 | N. A. Fia Card Services | $ | $ | $ |
| 3 | Wheeler Construction Company | $ | $ | $ |
| 4 | Pnc Bank | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 9)*

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE